UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| GREGORY SCOTT LEE, | ) | CASE NO. 4:09CV0873 |
|  | ) |  |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
|  | ) |  |
| -vs- | ) |  |
|  | ) |  |
| J. T. SHARTLE, et al., | ) | MEMORANDUM OF OPINION AND ORDER |
|  | ) |  |
| Respondents. | ) |  |

Before the court is pro se petitioner Gregory Scott Lee's petition for writ of habeas corpus seeking immediate release from custody pursuant to 28 U.S.C. § 2241. Mr. Lee, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"), claims he is actually innocent of the crime for which he is currently serving his prison sentence.

BACKGROUND

On March 8, 1995, Mr. Lee was named in a three count indictment filed in the United States District Court for the Eastern District of Tennessee. A superceding indictment was filed April 4, 1995 charging petitioner with possession of crack cocaine. Mr. Lee entered a change of plea to

guilty on June 19, 1995.

Petitioner was scheduled to be sentenced on November 2, 1995. On that date, however, Mr. Lee moved to withdraw his guilty plea based on ineffective assistance of counsel. The court denied his request, as well as his objections to the pre-sentence investigation report (PSR). Six days later, petitioner was sentenced to 100 months on Count 1, with a consecutive sentence of 60 months as to Count 2. The district court granted his attorney's motion to withdraw and appellate counsel was appointed. Petitioner appealed his sentence on the same date. The Court of Appeals subsequently affirmed the trial court's judgment, denying the appeal on January 30, 1997. United States v. Lee, No. 95-6584, 1997 WL 39129 (6th Cir. Jan. 30, 1997).

Mr. Lee later filed a motion to vacate and set aside his sentence pursuant to 28 U.S.C. §2255 in the United States District Court of Tennessee. The court determined the motion was untimely and dismissed it on June 6, 2000. Nine years later, petitioner filed the petition that is now before this court.

Analysis

Petitioner maintains the sentence he is now serving is illegal. He claims he is "actually and factually innocent of violating Count 2 of the indictment." (Pet. at 4.) This assertion is based on his belief that the Supreme Court's "narrow definition of 18 U.S.C. § 924(c) offenses" will not allow his conviction to stand. Citing Bailey v. United States, 516 U.S. 137 (1995), Mr. Lee claims that the statutory terms of "use" and "carry" were redefined by the Supreme Court. As such, he believes the actions for which he was charged in the superceding indictment failed to meet the definition of § 924(c) violation. It is Mr. Lee's belief that his declaration of innocence, under the circumstances he sets forth in his petition, entitle him to §2241 relief through 28 U.S.C. § 2255's

savings clause.

## 28 U.S.C. § 2241

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence must be filed in the sentencing court under 28 U.S.C. § 2255.  See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979). Because the statute requires prisoners to attack their convictions through the court that sentenced them, and this court did not impose petitioner's sentence, this court would generally lack jurisdiction over his § 2241 petition.  See 28 U.S.C. § 2255.

As a matter of law, a federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause")(emphasis added); Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.1999); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998). The remedy afforded under § 2241 is not considered an additional, alternative or supplemental remedy to that prescribed under § 2255. See Bradshaw, 86 F.3d at 166.

A one-year statute of limitations applies to a motion to vacate sentence under § 2255. See 28 U.S.C. § 2255 (sixth ¶ ); Dunlap v. United States, 250 F.3d 1001, 1004-05 (6th Cir.2001). A federal prisoner must file his motion to vacate within one year of the date on which: (1) the judgment of conviction becomes final; (2) a governmental impediment to making the motion is removed; (3) a right was newly recognized by the Supreme Court and made retroactive to cases on

collateral review; or (4) the facts supporting the claim could have been discovered with due diligence. 28 U.S.C. § 2255 (sixth ¶). Because Mr. Lee's conviction became final prior to the effective date of AEDPA, he had a one-year grace period, or until April 24, 1997, in which to timely file a § 2255 motion. Hyatt v. United States, 207 F.3d 831, 832-33 (6th Cir.2000). In the case of a claim arising under Bailey, a federal prisoner had until one year after the Supreme Court's decision in Bousley v. United States, 523 U.S. 614, 620-21(1998), i.e., until May 18, 1999, in which to bring his § 2255 motion. See Pryor v. United States, 278 F.3d 612, 616 (6th Cir.2002). Thus, his motion to vacate, filed some time in 2000, was outside the later limitations period calculated from the Bousley decision.

With regard to Mr. Lee's entitlement to now challenge his conviction through § 2255's savings clause, he has failed to meet his burden. It is only when the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention," that § 2255 provides a safety valve wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence. United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997). Section 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. See e.g., Charles, 180 F.3d at 756. Moreover, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate.

See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998).

Petitioner's attempt to argue the evidence was insufficient to show 'active use' of the firearm and that, because the indictment charged him with "using and carrying" he is actually innocent of those charge, is unavailing.  Not only had the 'intervening change' of Bailey occurred in 1995, but where both 'using' and 'carrying' have been charged, evidence sufficient to support either element will sustain a § 924(c) conviction." Fair v. United States, 157 F.3d 427, 430 (6th Cir.1998).  On appeal, the Sixth Circuit found "no prejudicial error intervened in the judgment and proceedings in the district court, and . . . ORDERED that said judgment be and it hereby is affirmed." Lee,1997 WL 39129  at *1.

Mr.  Lee's present claims do not qualify as actual innocence.  Unlike other prisoners who obtained review of their innocence claims under § 2241 because they did not have a prior opportunity to present their claims, see, e.g., In re Davenport, 147 F.3d 605, 609, 611 (7th Cir.1998), petitioner had an earlier opportunity to raise his claims in a timely motion to vacate.

Based on the foregoing, the petition is **dismissed** pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: July 15, 2009                                *s/     James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE

5